# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL ASSET MANAGEMENT, LLC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 10-16 ) Judge Nora Barry Fischer ) |
| JUNE COLEMAN, ESQUIRE, ELLIS COLEMAN, and PROIRIER, LA VOIE AND STEINHEIMER, LLP., | ) ) ) ) |
| Defendants. | |

## MEMORANDUM OPINION

### I.   INTRODUCTION

*A. Factual Background*

Before the Court is a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative Motion to Transfer pursuant to Fed. R. Civ. P.12(b)(3). Plaintiff, National Asset Management (*hereinafter*, "Plaintiff") seeks damages from June Coleman, Esq., and Ellis, Coleman, Poirier, La Voie and Steinheimer, L.L.P., (*hereinafter,* collectively "Defendants") for alleged professional malpractice, breach of contract, fraud and billing improprieties. (Docket No. [20] at ¶1). This case arises out of Defendants' representation of Plaintiff in a lawsuit filed against Plaintiff in the State of California.

Plaintiff is a billing and collection agency with its principal place of business in Moon Township, Pennsylvania. (Docket No. [20] at ¶4). Defendant Coleman is a licensed attorney in California. (Docket No. [20] at ¶5) Ellis, Coleman, Poirier, La Voie and Steinheimer, L.L.P., is a law firm located in Sacramento, California, its principal place of business. (Docket No. [20] at ¶6).

1

On or about March 28, 2008, Plaintiff retained Defendants to represent it in a California state court case captioned *Mastroianni v. National Asset Management*, docketed at BC-372284. (Docket No. [1], Ex. 1, at ¶¶4 through 9) wherein Plaintiff was alleged to be liable to Mastroianni for violations of the California Consumer Credit Reporting Agencies Act, §§ 1785.25-1785.26. In the *Mastroianni* case, Plaintiff had presented a cross-claim against its co-defendant alleging that the co-defendant was contractually liable to indemnify Plaintiff for the alleged violations. (Docket No. [20], ¶7). At the behest of Defendants, Plaintiff dismissed its cross claim in *Mastroianni*, with prejudice, on April 1, 2009. (Docket No. [1] at ¶17). As a result, Plaintiff lost its ability to seek indemnity, contribution, and other redress from the co-defendant in *Mastroianni*. (*Id.*). Throughout the California litigation, Plaintiff and Defendant contested the fees that were billed to Plaintiff by Defendants. Plaintiff contended that the fees were unreasonable and in violation of a pre-representation agreement limiting the total fees to no more that $10,000. Ultimately, at the conclusion of Defendants' representation of the Plaintiff, the fees billed were in excess of $44,000. Plaintiff alleges that Defendants were aware at the time they agreed to the $10,000 cap on fees that the fees would far exceed that amount and that Plaintiff would have no option but to continue its relationship with Defendants in order to successfully defend itself in the California case.

Plaintiff's Amended Complaint alleges that Defendants were negligent in recommending that the cross claim be dismissed, violated the terms of representation by billing in excess of $10,000 and fraudulently induced Plaintiff to enter into a representation agreement by promising the total fees for the representation would not exceed $10,000. (Docket No. [20] at ¶¶7 through 14; 27 through 32; and 34 though 36).

    *B. Procedural Background*

Plaintiff commenced the current action by filing a complaint in the Court of Common

2

Pleas of Allegheny County on November 30, 2009, at docket number GD-09-022152. (Docket No. [1], Ex 1). A Notice of Removal to the Western District of Pennsylvania was filed January 6, 2010. (Docket No. [1]). Subsequently, Defendants filed their Answer to Plaintiff's Complaint on April 12, 2010. (Docket No. [10]). Plaintiff then filed an Amended Complaint on June 11, 2010. (Docket No. [20]). Defendants responded with a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P.12(b)(6) or in the alternative, Motion to Transfer pursuant to Fed. R. Civ. P.12(b)(3).

For the reasons outlined herein, Defendants' Motion to Transfer Venue pursuant to Fed. R. Civ. P. 12 (b)(3) is GRANTED. Defendant's Motion to Dismiss remains pending.

## II. LEGAL STANDARD

Venue in federal courts is governed by two statutory provisions. 28 U.S.C. §1391 applies in a diversity case filed originally in a federal court. 28 U.S.C. §1441 applies in cases removed to federal courts from state courts. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-666 (1953). The disposition of a case filed in a federal court laying venue in the wrong district is controlled by 28 U.S.C. §1406(a). Such a case can be dismissed or, in the interests of justice, transferred to a district court where venue is proper. In removed cases, the transfer of a case to another district is controlled by 28 U.S.C. §1404(a) which permits a district court to transfer a case to another district for the convenience of the parties and witnesses and in the interests of justice. Because this case was initially filed in state court, and removed to this Court, §1441 governs its venue and §1404(a) governs transfer to another district. Accordingly, Defendants' Motion to Transfer pursuant to §1406 is denied. The Court must now address the Motion to Transfer pursuant to §1404(a).

Pursuant to 28 U.S.C.§ 1404(a), a district court may transfer a civil case to another district "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. §

3

1404(a). Such transfers "are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." *Lafferty v. Gito St. Riel*, 495 F.3d 72, 76, 79 n.8 (3d Cir. 2007).

The purpose of §1404(a) is to prevent waste of time and resources and to protect the parties and witnesses and the general public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The party seeking transfer bears the burden of establishing that transfer is appropriate and must demonstrate that the alternative forum is adequate and more convenient. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The moving party must show that "on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (internal quotations omitted).

In *Jumara*, the Court of Appeals outlined the private and public factors for the Court to consider in exercising its discretion. *Id.* The relevant private factors to consider include: (1) each party's forum preference; (2) where the claim arose; (3) the convenience of the parties as indicated by their relative physical and financial conditions; (4) the convenience of the witnesses; and (5) the locations of books and records. *Jumara, 55 F.3d at 879*; *see also In re Amendt*, 169 Fed. Appx. 93, 96 (3d Cir. 2006)(same). The Court also considers a number of public factors, including (1) enforceability of judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879; *see also In re Amendt*, 169 Fed. Appx. at 96 (same).

**III. DISCUSSION**

4

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' . . . A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citations omitted). "The above list of factors is merely a guide, and not all the factors may be relevant or determinative in each case." *LG Electronics, Inc. v. First Intern. Computer, Inc.*, 138 F. Supp. 2d 574, 587 (D. N.J. 2001). "Depending on the nature and facts of the case, these factors often overlap and are intertwined" so courts are rightly careful to avoid "double-counting" the same information under multiple factors. *Gonzales v. Supervalu Transport, Inc.*, Civ. a. No. 07-5437, 2008 WL 943018, 1 (E.D.Pa. 2008); *See also Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp.2d 192 (D.Del.1998); *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 922 F. Supp. 1334, 1358 n.18 (N.D.Iowa,1996).

A. Relevant Private Factors

1. **The Parties' Choice of Forum**

"[I]n ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed." *Jumara,* 55 F.3d at 879. This is especially true when a plaintiff's choice is his home forum. *Cf. Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, 524 F. Supp. 2d 628, 631 (W.D. Pa. 2006). At the same time, the Court must also consider the defendant's preference. *Jumara*, 55 F.3d at 879. Here, although Defendants have expressed a preference for the Federal District Courts in California[1], on balance, this factor weighs in favor of Plaintiff, as it not only brought suit in this district, but also resides here (Docket No. 1). Accordingly, this factor favors Plaintiff.

---

[1] Defendants' Motion to Transfer venue at issue here seeks transfer to either the Eastern (Docket No. [27] at ¶20) or Central (Docket No. [27] at ¶26) District Courts in California. Because 28 U.S.C. §1404(a) allows this Court to a case to any other district where the action might have been brought, the Court is not bound by a party's specific request.

## 2. Where the Claim Arose

The Court also considers "whether the claim arose elsewhere." *Jumara*, 55 F.3d at 879. This is a separate consideration from the convenience of the parties and focuses on where the activities relevant to the claims at issue took place. In addressing this factor, Defendants contend that the litigation should be transferred to California because that is where the litigation giving rise to the claims in this case was filed and litigated. (Docket No. [27] at ¶¶1, 8, and 9). Turning to *Jumara*, the Court notes that Plaintiff has not pleaded that Defendants have conducted business regularly within the Western District of Pennsylvania. Moreover, Plaintiff alleges that Defendants' only connection to Pennsylvania is the legal representation of a Pennsylvania resident corporation in a California court concerning the alleged violation of a California statute. (Docket No. [20]). Significantly, Defendants were contacted by Plaintiff, in California, and requested to represent Plaintiff in California. (Docket No. [20] at ¶8). In fact, in Plaintiff's Memorandum of Law opposing the Defendants' motions, Plaintiff states "Plaintiff ... sought out Defendant law firm based on the firm's advertisements ..." (Docket No. [33] at p. 2). Moreover, the alleged tortious activity as well as all the billing improprieties took place in California. Such a substantial connection to California strongly favors venue in that jurisdiction. *See RBC Bank (USA) v. Riley, Riper, Hollin & Colagreco*, 2009 WL 2580354, 3 (D.N.J., August 19, 2009); *Kravas v. Private Adoption Services, Inc.*, 2009 WL 5184689, 3 (W.D.Pa., December 22, 2009), at 3; *Miix Insurance Company v. Associated Women's Health Specialists, PC*, 2007 WL 4163999, 6 (D.N.J., November 19, 2007).

## 3. Convenience of the Parties

The convenience of the parties, as indicated by their relative physical and financial condition, *Jumara*, 55 F.3d at 879, also weighs in favor of Defendants' motion. Each party would doubtless find it more convenient to litigate in its home district. However, Plaintiff is a

corporation that does business in California, (Docket No. [20]); therefore, because it has the financial wherewithal to conduct the business of debt collection in California, it must also have the financial ability to defend and prosecute its legal interests in that state. In contrast, Defendants are a lawyer licensed to practice in California and a California law firm. (Docket No. [20] at ¶¶5, 6). There is no allegation that Defendants appear in Pennsylvania courts. As *Jumara* instructs this Court to consider the relative financial condition of the parties, this factor favors Defendants' position.

### 4. Convenience of the Witnesses

The convenience of the witnesses is a separate consideration from that of the parties. Since "party witnesses are presumed to be willing to testify in either forum despite any inconvenience . . . [t]he convenience of the non-party witnesses is the main focus" of this factor. *Hillard v. Guidant Corp.*, 76 F. Supp 2d 566 (M.D. Pa. 1999). The Court, therefore, confines its analysis to the convenience of the non-party witnesses. The Court considers this factor "only to the extent that the witnesses may actually be *unavailable* for trial in one of the fora." *Jumara*, 55 F.3d at 879 (emphasis added). Any witnesses who are not affiliated with the parties, particularly those who were involved in the underlying litigation, presumably are located in California. However, as in *IMS Health, Inc. v. Vality Technology Inc.*, 59 F. Supp. 2d 454, 470 (E.D.Pa.1999), "neither party alleges that even one of its witnesses would be unavailable for trial in either forum, and therefore this factor is similarly devoid of significant importance." Even if practical considerations arise which prevent witnesses from appearing live, at any proceeding, alternative arrangements can be made.[2]

Since Defendants bear the burden of showing that inconvenience would make non-party

---

[2] Modern technology makes actual unavailability for trial less likely since video recordings of appearances can be made for trial and witnesses can appear remotely via video-conferencing technology.

witnesses unavailable for trial and because the Court finds that they have not done so, this factor weighs in favor of Plaintiff.

## 5. Location of the Books and Records

*Jumara* directs the Court to consider "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879. While the documentary evidence related to the *Mastroianni* case might be located in the California, the Defendants do not make any claim that the whereabouts of books and records are an issue for either party. Regardless, the Court notes that this factor need not be weighed heavily because much of the discovery in this matter, as in many modern cases, is being exchanged electronically, minimizing or eliminating any difference in access to documents caused by geography. This factor weighs in favor of Plaintiff.

### B. *Relevant Public Factors*

#### 1. Practical Considerations

This factor considers the ease, expediency, and expense of adjudicating the claims in the different venues. *Jumara*, 55 F.3d at 879. However, courts have differed as to how to analyze this factor or whose ease, expediency, and expense it addresses. *E.g.*, *LG Electronics*, 138 F. Supp. 2d at 592 (considering the presence of related cases in one District); *IMS Health,* 59 F. Supp. 2d at 470 (considering court congestion); *Motorola, Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349, 359 (D. Del. 1999) (declining to consider a party's expense because it was already part of the private factors); *Affymetrix*, 28 F. Supp. 2d at 205-206 (declining to consider this factor at all because it overlaps with considerations of docket congestion and party convenience, but noting that the need to hire local counsel is an added expense for a non-home forum); *Optopics Laboratories Corp. v. Nicholas*, 947 F. Supp. 817, 826 (D. N.J. 1996) (considering the two Districts' different authority to compel arbitration). Thus, depending on how it is interpreted,

this factor can overlap with a number of others and the Court must be careful not to "double count" it. *See Affymetrix*, 28 F. Supp 2d at 205-06. To avoid "double counting" the same facts, the Court will not re-consider the convenience of the parties and the witnesses or the relative docket congestion in the two districts. However, Defendants, before this case was filed, brought suit against Plaintiff in California, seeking to recover their fees. (Docket No. [33] at p. 4). That case is currently pending. *Id.* Accordingly, this factor favors the Defendants.

### 2. Administrative Difficulty and Court Congestion

Neither party argues that one Court has any advantage over another with regard to administrative difficulty and court congestion. Accordingly, this factor is neutral.

### 3. Local Interest

Courts have an interest in resolving matters of local interest. *Gulf Oil Corp. v. Gilbert* 330 U.S. 501, 509 (1947) ("In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home."). This factor also overlaps with factors already discussed (where the claim arose and the convenience of the parties), *see L.G. Elecs. Inc. v. First Int'l Computer of Am., Inc.*, 138 F. Supp 2d 57, 592 (D. N.J. 2001), so the Court limits its focus to the interests of local judges and juries in events in their community.

California is the more appropriate forum for this case because it involves California lawyers who provided legal services in California in a California lawsuit arising out of alleged violations of a California statute. Because the case involves the practice of law in California by California licensed lawyers, California has a substantial interest. California admits lawyers to the practice of law in its courts and regulates that practice through its disciplinary system. *See RBC Bank*, at 4; *Kravas*, at 4. Moreover, Defendants, before this case was filed, brought suit against

9

Plaintiff in California, seeking to recover their fees. (Docket Nos. [27], ¶15, [33] at p. 4). Significantly, California has instituted a mandatory fee arbitration program for fee disputes such as the fee dispute that underlies this case. California Business and Professions Code, §§6200 - 6206. Because California has the primary, if not exclusive, interest in regulating the practice of law within its boundaries, this factor weighs heavily in favor of the Defendants.

## IV. CONCLUSION

Upon consideration of the arguments of the parties in their briefs and balancing of the factors outlined in *Jumara*, Defendants' Motion to Transfer Venue pursuant to Fed. R. Civ. P. 12(b)(3) is GRANTED and this case is transferred to the Eastern District of California. An appropriate order to follow.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge


CC/ECF: All Counsel of Record